IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR. NO. 1:CR-00-007 |
| | ) | |
| v. | ) | (RAMBO, J.) |
| | ) | |
| **EUGENE MCDONALD** | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM AND
RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR RELIEF PURSUANT TO TITLE 18 UNITED STATES
CODE SECTION 3582(c)**

AND NOW, the United States of America, by its undersigned counsel, submits the following Sentencing Memorandum and Response in Opposition to the Defendant's Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c)

I.  **STATEMENT OF FACTS AND OF THE CASE**

In January 2000 the defendant was indicted for his role in the distribution of more than an ounce of cocaine base, also known as crack cocaine. The defendant pleaded guilty to distribution of cocaine base, a criminal offense which the court and the probation office found carried a mandatory 10 year, 120 month, jail term. In January 2001 the defendant was sentenced by this court to the statutory mandatory minimum jail term for this offense, 120 months imprisonment.

Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, Amendment 706, which reduced the guidelines offense level for certain drug distribution and conspiracy offenses

involving cocaine base by two offense levels and further provided that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline. Despite the fact that his sentence represented a statutory mandatory minimum jail term, the defendant now seeks a reduction of his sentence in accordance with this amended guidelines provision.

For the reasons set forth below, the United States submits that the defendant misconstrues the reach of this guidelines amendment. Fairly construed, that amendment does not permit persons sentenced to statutory mandatory minimum jail terms to set aside their sentences years after those sentences are imposed. Since this sentence represents a statutory mandatory sentence, the defendant may not take advantage of this limited guidelines amendment. Accordingly, this motion for relief under this amended guideline should be denied.

## II. DISCUSSION

### A. The Narrow Scope of Section 3582(c) Petitions.

Section 3582(c)(2) of Title 18, United States Code provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

>   (1)  In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

    (2)   <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)   none of the amendments listed in subsection (c) is applicable to the defendant; or

        (B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3)   <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for some cocaine base ("crack") offenses, where the guidelines were originally calculated based upon the quantity of drugs distributed by the defendant.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels based upon drug weights applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

based upon drug weights. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

These amendments, however, by their terms only apply to cases which: 1) involved distribution of crack cocaine or cocaine base; and 2) in which the initial crack cocaine guidelines sentence was based upon an assessment of drug quantities. Nothing in the amended guidelines purports to provide sentencing relief for a defendant who is sentenced to a statutory mandatory minimum jail term.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A)

none of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2). See also id. app. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range.")  Because Amendment 706 and all other listed amendments are inapplicable to the defendant, the defendant's motion should be summarily denied.

The failure of this amendment to address cases involving statutory mandatory minimum sentences is significant since Section 3582(c) places statutory limitations upon a sentencing court's authority, once it has imposed a sentence of imprisonment, to modify that sentence. See 18 U.S.C. § 3582(c). The Third Circuit has held that these limitations are jurisdictional limitations upon a district court's substantive authority to modify the previously imposed sentence. See United States v. Higgs, 504 F.3d 456, 463-64 (3d Cir. 2007). Except as authorized by section 3582(c) and Fed. R. Crim. P. 35--which itself derives its authority from section 3582(c)--a sentencing court does not have the authority, and lacks subject-matter jurisdiction, to modify a previously imposed sentence of imprisonment. Id.

Section 3582(c)(2) provides, in pertinent part, as follows:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
>   *    *    *

>     (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

(Emphasis added.)  Thus, by statute, a court may not reduce a previously imposed term of imprisonment based upon a reduced guideline range unless "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B. A Defendant Sentenced to a Statutory Mandatory Minimum Sentence is Not Entitled to Relief Under this Revised Guideline.

The defendant's motion should be denied because, as stated earlier, he was sentenced to a mandatory minimum sentence required by statute.  The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply.  <u>See also</u> § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.").  Accordingly, as courts have consistently recognized, where a

8

statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997). Therefore, the defendant's motion should be summarily denied.

### III. CONCLUSION

For the foregoing reasons the Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c) should be denied.

Respectfully submitted

BY:  S/MARTIN C. CARLSON
     MARTIN C. CARLSON
     Acting United States Attorney
     228 Walnut Street, Suite 220
     Harrisburg, Pa. 17108
     Phone: 717-221-4482
     Fax: 717-221-2582
     Martin.Carlson@USDOJ.gov
     PA Bar #33396

Dated: March 11, 2008

9